IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOSEPH HERCULES NORTON, TDCJ-CID No. 00676182, | § § § | |
| Plaintiff, | § § | |
| v. | § | 2:21-CV-090-Z-BR |
| THE STATE OF TEXAS, | § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER DISMISSING WRIT OF MANDAMUS AND DENYING MOTION FOR RELEASE

This matter comes before the Court on Plaintiff's Petition for a Writ of Mandamus, filed May 17, 2021 (ECF No. 3) ("Petition"). Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. For the reasons discussed herein, Plaintiff's Petition is **DISMISSED**. Plaintiff has also filed a Motion for Release (ECF No. 6) and a Motion to Acquit Petitioner (ECF No. 9) (collectively, the "Motions"). The Court DENIES these Motions.

### FACTUAL BACKGROUND

Plaintiff was convicted of capital murder on July 14, 1994, out of the 69th District Court of Sherman County, Texas. *See State v. Norton*, Case No. 766-33796A. Plaintiff has filed multiple 11.07 state applications for habeas corpus and original writs of mandamus with the Sherman County trial court and the Texas Court of Criminal Appeals ("TCCA") that have been denied by the TCCA. *See In re Norton*, Case Nos. WR-47,999-01 (11.07), WR-47,999-02 (mandamus), WR-47,999-03 (mandamus), WR-47,999-04 (mandamus), WR-47,999-05 (11.07), and WR-47,999-06

(mandamus). All have been denied by the TCCA.

Here, Plaintiff requests that this Court issue a writ of mandamus to compel the clerk of the 69th District Court of Sherman County, Texas to forward his newest 11.07 application on to the TCCA. (ECF No. 3 at 1). Plaintiff also requests the Court to grant him release from custody and "acquit" him. As the Court has previously informed Plaintiff, such claims are requests for habeas relief, and his habeas claims are successive – he must obtain advance permission from the Fifth Circuit to file such claims. *See Norton v. Director TDCJ-CID*, No. 2:20-cv-176-Z-BR (N.D. Tex. Amarillo Division), Dkt. No. 15 (August 20, 2020). Thus, Plaintiff's Motions are **DENIED**.

### LEGAL STANDARD

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). A complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326–27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

### ANALYSIS

Plaintiff's request for a federal writ of mandamus, presumably under Section 1361, to compel the Sherman County Clerk's Office to act (specifically to forward his 11.07) lacks an arguable basis in law-and is therefore frivolous-because "[f]ederal courts lack the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties." *Moore v. 204th Dist. Ct.*, Civil Action No. 3:08–cv–2281–D, 2009 WL 3150983, at *3 (N.D. Tex. Sept. 29, 2009) (citing *Moye v. Clerk, Dekalb Cnty. Sup. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973); *San tee v. Quinlan*, 115 F.3d 355, 357 (5th Cir.1997) (affirming dismissal of

petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties)); *see also Hicks v. Brysch*, 989 F. Supp. 797, 811 (W.D. Tex. 1997) ("The initial problem with plaintiff's request for mandamus relief from this Court is that federal district courts are courts of limited statutory jurisdiction and they may not hear claims without jurisdiction conferred by a statute. The only federal statute conferring the authority to issue writs of mandamus upon the federal district courts is ... Section 1361, which specifically provides that '[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.'").

The Defendant is named as the State of Texas, but the action compelled is to the elected District Clerk of Sherman County, Texas, not a federal officer, agent, or employee and, as such, is not subject to the statutory mandamus authority of this Court. Thus, this Court lacks jurisdiction to entertain Plaintiff's request for mandamus relief against the Defendant.

### CONCLUSION

For the reasons set forth above, it is **ORDERED** that the Petition for Writ of Mandamus by Plaintiff be **DISMISSED** with prejudice.

**SO ORDERED.**

February 16, 2022.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE